UNITED STATES of America,
Plaintiff–Appellee,

v.

Javier RIVERA–SANCHEZ, a/k/a Jose Sanchez, Defendant–Appellant.

No. 99–10275.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 18, 2000

Filed April 18, 2001

Bram Jacobson, Assistant Federal Public Defender, Phoenix, Arizona, for the appellant.

Virginia C. Kelly, Assistant United States Attorney, Tucson, Arizona, and Tim Holtzen, Assistant United States Attorney, Phoenix, Arizona, for the appellee.

Steven F. Hubachek, Federal Defenders of San Diego, Inc., California, for the amici curiae.

Before: SCHROEDER, Chief Judge; and B. FLETCHER, REINHARDT, KOZINSKI, O'SCANNLAIN, STEPHEN S. TROTT, T.G. NELSON, THOMAS, GRABER, McKEOWN and TALLMAN, Circuit Judges.

THOMAS, Circuit Judge:

We considered this appeal *en banc* to determine whether a violation of California Health and Safety Code § 11360(a) constitutes an aggravated felony for the purposes of sentencing pursuant to United

States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(b)(1)(A). We conclude that it does not and reverse the judgment of the district court.

## I

Javier Rivera–Sanchez ("Rivera–Sanchez") was arrested for entering the United States without inspection on September 13, 1998. He pled guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326.

Three separate Pre-sentence Reports were submitted. The original Pre-sentence Report attributed eight prior convictions to Rivera–Sanchez. Two eventually were removed because the booking photos for the computer-identified crimes were not of the defendant, and the records for those convictions were not fingerprint-based. The other six convictions remained in the final Pre-sentence Report because, according to the probation officer, they were verified by a fingerprint-based identification system. Rivera–Sanchez disputed this assertion.

Most relevant to our inquiry is the inclusion of a 1986 conviction under California Health and Safety Code § 11360(a), for which Rivera–Sanchez was sentenced to 3 years' probation and 36 days in jail. The district court treated this conviction as an aggravated felony pursuant to U.S.S.G. § 2L1.2(b)(1)(A) and increased Rivera–Sanchez's offense level by 16. The sentencing range was computed as follows:

| | | |
|---|---|---|
| Base offense level | 8 | (8 U.S.C. § 1326) |
| Aggravated felony | +16 | (U.S.S.G. § 2L1.2(b)(1)(A)) |
| Acceptance of responsibility | −3 | (U.S.S.G. § 3E1.1(a)) |
| Downward departure | −1 | |
| Total | 20 | |
| Criminal History | VI | (six prior convictions) |
| Sentencing range | 70 to 87 months | |

After a full hearing, the district court committed Rivera–Sanchez to the custody of the Bureau of Prisons for 84 months, followed by 3 years of supervised release.

Rivera–Sanchez timely appealed his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* whether the aggravated felony provisions of the Sentencing Guidelines apply to the conviction. *United States v. Corona–Sanchez*, 234 F.3d 449, 451 (9th Cir.2000).

## II

Under U.S.S.G. § 2L1.2(b)(1)(A), the district court must increase the base offense level by 16 levels if the defendant was previously deported after a conviction for an aggravated felony. An "aggravated felony," defined at 8 U.S.C. § 1101(a)(43)(B), includes "illicit traffick-ing in controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." Section 924(c)(2) defines "drug trafficking crime" to include "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.)." The term "aggravated felony" applies to violations of both federal and state law. *See* 8 U.S.C. § 1101(a)(43).

In determining whether a prior conviction should be considered an aggravated felony for federal sentencing purposes, we use the analytical model constructed by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Under *Taylor*, courts do not examine the conduct underlying the prior offense, but "look only to the fact of conviction and the statu-

tory definition of the prior offense." *Id.* at 602, 110 S.Ct. 2143; *see also United States v. Sherbondy,* 865 F.2d 996, 1009 (9th Cir. 1988). Examining the statutory definition of the offense rather than the defendant's conduct is not a novel concept: We have endorsed *Taylor*'s categorical approach in a variety of sentencing contexts. *See, e.g., United States v. Martinez,* 232 F.3d 728, 732–33 (9th Cir.2000) (career offender status pursuant to U.S.S.G. § 4B1.1); *United States v. Ceron–Sanchez,* 222 F.3d 1169, 1172 (9th Cir.2000) (aggravated felony pursuant to U.S.S.G. § 2L1.2(b)(1)(A)); *United States v. Sandoval–Barajas,* 206 F.3d 853, 855–56 (9th Cir.2000) (same); *United States v. Casarez–Bravo,* 181 F.3d 1074, 1077 (9th Cir.1999) (career offender status pursuant to U.S.S.G. § 4B1.1); *United States v. Estrada–Torres,* 179 F.3d 776, 781 (9th Cir.1999), *cert. denied,* —— U.S. ——, 121 S.Ct. 156, 148 L.Ed.2d 104 (2000) (aggravated felony pursuant to U.S.S.G. § 2L1.2(b)(1)(A)); *United States v. Bonat,* 106 F.3d 1472, 1475 (9th Cir.1997) (predicate offense under the Armed Career Criminal Act); *United States v. Lomas,* 30 F.3d 1191, 1193 (9th Cir.1994) (aggravated felony pursuant to U.S.S.G. § 2L1.2(b)(1)(A)).

*Taylor* also permits courts "to go beyond the mere fact of conviction in a narrow range of cases." 495 U.S. at 602, 110 S.Ct. 2143. When a statute "reaches both conduct that would constitute a crime of violence and conduct that would not," *Ye v. INS,* 214 F.3d 1128, 1133 (9th Cir.2000), we have interpreted *Taylor*'s edict to include examination of "documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes[,] such as the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings," *Casarez–Bravo,* 181 F.3d at 1077 (internal quotation marks and cita-

tions omitted). "However, if the statute and the judicially noticeable facts would allow the defendant to be convicted of an offense other than that defined as a qualifying offense by the guidelines, then the conviction does not qualify as a predicate offense." *Id.*

■ Thus, under *Taylor*'s categorical approach, we must first analyze the statute that formed the basis for the sentence enhancement. At issue in this case is California Health and Safety Code § 11360(a), which provides in relevant part:

> [E]very person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any marijuana shall be punished by imprisonment in the state prison for a period of two, three or four years.

■ Section 11360(a) is an extremely broad statute. A conviction under the section can be supported by a charge of simple transportation of marijuana for personal use. *People v. Rogers,* 5 Cal.3d 129, 95 Cal.Rptr. 601, 486 P.2d 129, 132 (1971) (in bank); *People v. Eastman,* 13 Cal.App.4th 668, 16 Cal.Rptr.2d 608, 612–13 (1993). Section 11360(a) also criminalizes transportation of marijuana even if the defendant is not guilty of possession of the marijuana. *People v. Watkins,* 96 Cal. App.2d 74, 214 P.2d 414, 416 (1950). A violation does not depend on a profit motive: The statute also proscribes purely nonprofit activities. *People ex rel. Lungren v. Peron,* 59 Cal.App.4th 1383, 70 Cal.Rptr.2d 20, 25–27 (1997).

■ In addition, by its plain words, § 11360(a) prohibits "offers" to transport, import, sell, furnish, administer, or give away marijuana. "[T]he offense is complete when an offer is made with the accompanying requisite intent; neither delivery of the drug, an exchange of money, nor

a direct, unequivocal act toward a sale are necessary elements of the offense." *People v. Encerti*, 130 Cal.App.3d 791, 182 Cal.Rptr. 139, 144 (1982). Thus, § 11360(a) criminalizes solicitation of the enumerated acts.

We have previously considered whether solicitation offenses are aggravated felonies under 8 U.S.C. § 1101(a)(43)(B) and have concluded that they are not. *Leyva–Licea v. INS*, 187 F.3d 1147, 1150 (9th Cir.1999). As we explained:

> The Controlled Substances Act does not mention solicitation. The Act does cover attempt and conspiracy "to commit any offense defined in this subchapter," 21 U.S.C. § 846, but it does not list solicitation. In *Coronado–Durazo*, we held that where a statute listed some generic offenses but omitted others, the statute covered only the generic offenses expressly listed. *See [Coronado–Durazo v. INS*, 123 F.3d 1322, 1325–26 (9th Cir.1997)]. Guided by that approach, and observing that the Controlled Substances Act neither mentions solicitation nor contains any broad catch-all provision that could even arguably be read to cover solicitation, we hold that solicitation to possess marijuana for sale is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). Thus, Leyva–Licea's solicitation conviction does not render him deportable under § 241(a)(2)(A)(iii) of the INA.

*Id.* (citation omitted).

This reasoning applies here. Because California Health and Safety Code § 11360(a) punishes solicitation, the full range of conduct encompassed by the statute does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). Therefore, Rivera–Sanchez's 1986 conviction facially does not qualify as an aggravated felony.

Given this analysis, our decision in *Estrada–Torres* must be overruled. In *Es-*

*trada–Torres*, we held that violations of California Health and Safety Code § 11360(a) were aggravated felonies under U.S.S.G. § 2L1.2(b)(1)(A). 179 F.3d at 781. The result in *Estrada–Torres* was compelled by the holding in *Lomas*, that a violation of an almost identical California statute (Cal. Health & Safety Code § 11352(a)) prohibiting the transportation or sale of cocaine was an aggravated felony. *See* 30 F.3d at 1194. However, the issue of whether the crime of solicitation fell within the ambit of either § 11360(a) or § 11352(a) was not presented to either panel, and *Lomas* pre-dated our holding in *Leyva–Licea* that crimes of solicitation are not considered aggravated felonies under 8 U.S.C. § 1101(a)(43)(B). In light of our re-examination of § 11360(a), we must overrule our previous holdings in *Estrada–Torres*, *Lomas* and *United States v. Lara–Aceves*, 183 F.3d 1007 (9th Cir.1999).

■ Given that Rivera–Sanchez's conviction does not qualify facially as a predicate offense, the next step in the *Taylor* analysis is to determine whether other judicially noticeable facts exist in the record that would prove such qualification. A full evidentiary record was developed concerning Rivera–Sanchez's 1986 conviction under § 11360(a); however, the district court did not conduct a second-stage *Taylor* analysis of it. Although we could conduct that analysis ourselves, we choose to vacate the sentence and remand to permit the district court to conduct a second-stage *Taylor* analysis of the judicially noticeable facts in the existing record and to re-sentence Rivera–Sanchez. In view of this result, we need not—and do not—reach any other issue urged by the parties.

**REVERSED AND REMANDED.**