**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leonel ALVARENGA–MARTINEZ,**
**Defendant–Appellant.**

**No. 01–10143.**
**D.C. No. CR–00–00279–LDG.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 15, 2001.*

Decided Oct. 24, 2001.

Before REINHARDT, GRABER, and
BERZON, Circuit Judges.

MEMORANDUM **

Leonel Alvarenga–Martinez appeals the
57–month sentence imposed by the district

---

* This panel unanimously finds this case suit-
able for decision without oral argument.
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

court following his guilty-plea conviction for unlawful reentry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and reverse and remand in part.

Alvarenga–Martinez contends that there was insufficient evidence that his prior Nevada conviction for sale of a controlled substance was an aggravated felony for purposes of the 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A). Because Alvarenga–Martinez did not object to the district court's use of his prior conviction to apply the enhancement, we review for plain error. *See United States v. Marin–Cuevas*, 147 F.3d 889, 892–93 (9th Cir. 1998).

The government here concedes, and we concur, that the district court plainly erred in applying the enhancement where the prior conviction does not facially qualify as an aggravated felony. *United States v. Rivera–Sanchez*, 247 F.3d 905, 908 (9th Cir.2001). Accordingly, this case is remanded to the district court for further development of the record and resentencing.[1]

Finally, Alvarenga–Martinez's *Apprendi* claim is foreclosed by our decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411, 413 (9th Cir.), *cert. denied*, —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

AFFIRMED in part, REVERSED and REMANDED in part.

---

1. Because we are remanding for resentencing, we need not direct the district court to correct the judgment to exclude reference to 8 U.S.C. § 1326(b).

