## UNITED STATES of America, Plaintiff–Appellee,

v.

## Julian IMPERIAL–MENDOZA, Defendant–Appellant.

No. 01–10017.

D.C. No. CR–99–00347–JBR.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002 *.

Decided Feb. 20, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Julian Imperial–Mendoza appeals his 57–month sentence following his conviction by guilty plea to unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326.

We have jurisdiction pursuant to 18 U.S.C. § 3742. We review a district court's application of the Sentencing Guidelines de novo, *see United States v. Franklin,* 235 F.3d 1165, 1168 (9th Cir. 2000), and we affirm.

Imperial–Mendoza contends the district court erred by counting his prior California State conviction for possession for sale of marijuana in violation of California Health and Safety Code § 11359 as an "aggravated felony" for sentence enhancement purposes. He argues that in light of *United States v. Rivera–Sanchez,* 247 F.3d 905 (9th Cir.2001), the district court should have conducted additional analysis to determine whether the prior conviction qualified as an aggravated felony. We disagree.

In *Rivera–Sanchez,* we concluded that a conviction under Section 11360 does not qualify on its face as an aggravated felony for sentence enhancement purposes, because the full range of conduct encompassed by that statute does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *See Rivera–Sanchez,* 247 F.3d at 908.

In contrast, Section 11359 is much narrower, stating only that "every person who possesses for sale any marijuana, except as otherwise provided by law, shall be pun-

ished by imprisonment in state prison." Cal. Health and Safety Code § 11359 (2000). Unlike Section 11360, Section 11359 does not encompass conduct that would not qualify as an aggravated felony within the meaning of U.S.S.G. § 2L.1.2.

Accordingly, the district court properly applied a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A). Nevertheless, we sua sponte remand for correction of the judgment to strike the reference to 8 U.S.C. § 1326(b)(2). *See United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir.2000).

AFFIRMED in part, and REMANDED in part.

---

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

