**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose OCHOA–CEJA, Defendant–Appellant.**

**No. 01–10163.**

**D.C. No. CR–00–40169–CW.**

United States Court of Appeals, Ninth Circuit.

April 8, 2002 *.

Decided April 15, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Ochoa–Ceja's request for oral argument is denied.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM **

Jose Ochoa–Ceja appeals his conviction and 46–month sentence following a bench trial in which Ochoa–Ceja stipulated to the elements of unlawful reentry and was found guilty of violating 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ochoa–Ceja contends that 8 U.S.C. § 1326(b) is unconstitutional and violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it increases the statutory maximum penalty based on a prior conviction of an aggravated felony as a sentencing factor rather than an element of the crime. We review Ochoa–Ceja's constitutional challenge de novo, *see United States v. Lara–Aceves,* 183 F.3d 1007, 1009 (9th Cir.1999), *overruled on other grounds by United States v. Rivera–Sanchez,* 247 F.3d 905 (9th Cir.2001) (en banc).

We reject Ochoa–Ceja's contention because it is foreclosed by our decision in *United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir.), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001) (concluding that *Apprendi* did not overrule the holding in *United States v. Almendarez–Torres,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that 8 U.S.C. § 1326(b)(2) is constitutional and does not violate due process because prior convic-

---

tions are properly considered as sentencing factors, not elements of the offense).

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.