UNITED STATES of America,
Plaintiff–Appellee,

v.

Manuel MONTES–ESPARZA,
Defendant–Appellant.

No. 01–50507.

D.C. No. CR–00–02368–TW.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2002.*

Decided April 17, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Zane's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BROWNING, KLEINFELD and GOULD, Circuit Judges.

## MEMORANDUM**

Manuel Montes–Esparza appeals the 33–month sentence imposed after his conviction to one count of attempted re-entry after deportation, in violation of 8 U.S.C. § 1326, and one count of making a false claim to United States citizenship, in violation of 18 U.S.C. § 911. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Montes–Esparza first contends section 1326 violates the Sixth and Fourteenth Amendments because it uses the outcome of an administrative adjudication as an element of the offense. Reviewing de novo, *United States v. Lara–Aceves*, 183 F.3d 1007, 1009 (9th Cir.1999), *overruled on other grounds by United States v. Rivera–Sanchez*, 247 F.3d 905 (9th Cir.2001) (en banc), we conclude this contention is without merit. The use of a prior administrative adjudication as an element of the offense does not violate due process. *Lara–Aceves*, 183 F.3d at 1012.

Montes–Esparza next contends the district court erred in denying his pretrial motion to dismiss the indictment pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because his prior aggravated felony conviction was not pleaded in the indictment. Montes–Esparza's contention is foreclosed by *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414–15 (9th Cir.2000), *cert. denied*, 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001), which stated *Apprendi* did not overrule *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

Montes–Esparza's final contention is the district court erred in denying Montes–Esparza's post-trial motion to dismiss the indictment, because of its failure to recite the specific intent element of 8 U.S.C. § 1326. Because Montes–Esparza's motion was untimely, we review for plain error. *See United States v. Ross*, 206 F.3d 896, 899 (9th Cir.2000) (construing the indictment liberally in favor of validity when objection is untimely). Given the citation to the statute itself in the indictment, coupled with proper jury instructions, we conclude the indictment was sufficient to place Montes–Esparza on notice and the district court did not plainly err in denying his motion to dismiss. *See United States v. James*, 980 F.2d 1314, 1318 (9th Cir.1992).

**AFFIRMED.**