**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Francis Tai PEATO, Defendant— Appellant.**

No. 01–10284.

D.C. No. CR–97–01120–SOM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2002.

Decided June 6, 2002.

Before WALLACE, TASHIMA, and TALLMAN, Circuit Judges.

MEMORANDUM *

Appellant Francis T. Peato ("Peato") appeals his conviction for illegally reentering the United States after having been deported in violation of 8 U.S.C. § 1326. Peato contends that the district court erred when it denied his collateral attack on the deportation order underlying his conviction based on its finding that he was ineligible for a discretionary waiver of deportation under § 212(c) of the Immigration and Nationality Act ("INA"), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 8 U.S.C. § 1182(c) (1996).

Section 1326(d) permits collateral attack on a deportation order if (1) the alien has exhausted his administrative remedies to seek relief against the deportation order, (2) the deportation proceedings deprived the alien of judicial review, and (3) the order was fundamentally unfair. *See* 8 U.S.C. § 1326(d); *United States v. Herrera–Blanco*, 232 F.3d 715, 718 (9th Cir. 2000). However, an alien who has provided a "considered and intelligent" waiver of the right to appeal a deportation order cannot later collaterally attack that order since the waiver results in a failure to exhaust administrative remedies available to the alien. *See United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000); *see also United States v. Estrada–Torres*, 179 F.3d 776, 780–81 (9th Cir.1999), *overruled on other grounds by United States v. Rivera–Sanchez*, 247 F.3d 905 (9th Cir.2001) (en banc).

The record in this case clearly establishes that Peato's waiver of the right to appeal his deportation order was "considered and intelligent." Peato signed a written statement waiving his right to appeal after the meaning and consequences of waiver were explained to him. Although Peato contends that he was "threatened" into signing the waiver, truthful statements by an INS agent informing Peato that he would remain in custody during the pendency of any administrative appeal made cannot reasonably be characterized as threats. Even if Peato believed that his waiver of the right to appeal his deportation order was erroneous, he could have raised that issue by appealing the deportation order itself.

Because Peato provided a "considered and intelligent" waiver of his right to appeal his deportation order, he failed to exhaust his administrative remedies, and is therefore precluded from collaterally attacking that order under § 1326(d).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.