**Joey ANCHETA–VELASCO, Petitioner—Appellee,**

v.

**John ASHCROFT, Attorney General; Charles Demore, Respondents— Appellants.**

No. 01–15767.
D.C. No. CV–00–03298–SI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2002.

Decided Nov. 5, 2002.

Before THOMPSON, W. FLETCHER, and BERZON, Circuit Judges.

MEMORANDUM *

Joey Ancheta–Velasco is a native of the Republic of the Philippines who adjusted to lawful permanent resident status on June 13, 1989. On March 16, 1995, Ancheta–Velasco was convicted by a jury of assault with a deadly weapon other than a firearm. On May 21, 1996, he pled guilty to forgery of a check. He was placed in deportation proceedings on September 26, 1996. The Immigration and Naturalization Service ("INS") charged him with de-

portability under the Immigration and Nationality Act ("INA") former § 241(a)(2)(A)(iii), 8 U.S.C. former § 1251(a)(2)(A)(iii), for conviction of an aggravated felony (forgery) and under INA former § 241(a)(2)(A)(ii), 8 U.S.C. former § 1251(a)(2)(A)(ii) for having committed two crimes of moral turpitude (forgery and assault with a deadly weapon). At the conclusion of his deportation hearing on August 20, 1997, Ancheta–Velasco was ordered deported to the Philippines.

On May 14, 1997, prior to Ancheta–Velasco's deportation hearing, the Board of Immigration Appeals ("BIA") had issued a published decision in *Matter of Fuentes–Campos,* Int. Dec. 3318, 1997 WL 269368 (BIA 1997), holding that § 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Publ. L. 104–132, 110 Stat. 1214 (1996), which barred discretionary relief pursuant to INA former § 212(c), 8 U.S.C. § 1182(c), operated against aliens in deportation proceedings but not those in exclusion proceedings. Accordingly, the Immigration Judge ("IJ") denied Ancheta–Velasco's application for discretionary relief under § 212(c). However, had Ancheta–Velasco been in exclusion proceedings instead of deportation proceedings, he would have been eligible for § 212(c) relief.

Subsequent to Ancheta–Velasco's deportation hearing, this court decided *United States v. Estrada–Torres,* 179 F.3d 776 (9th Cir.1999), *overruled on other grounds by United States v. Rivera–Sanchez,* 247 F.3d 905 (9th Cir.2001). Like Ancheta–Velasco, Estrada–Torres was a legal permanent resident who was ordered deported after conviction of an aggravated felony; he also was denied § 212(c) relief under AEDPA § 440(d).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Unlike Ancheta–Velasco, however, Estrada–Torres was ordered deported before *Matter of Fuentes–Campos* was decided, and thus before the BIA allowed excludable aliens to seek § 212(c) relief under AEDPA § 440(d). Nevertheless, Estrada–Torres raised an equal protection challenge against the application of AEDPA § 440(d) against deportable but not excludable aliens.

The panel in *Estrada–Torres* held, inter alia, that: 1) the BIA's interpretation of AEDPA § 440(d) and INA § 212(c) in *Fuentes–Campos* was contrary to the meaning of the statute; 2) the statute denies relief to both deportables and excludables and thus does not violate equal protection on its face; and 3) because Estrada–Torres was denied § 212(c) relief before *Fuentes–Campos* had been decided (and thus before the BIA treated deportables and excludables differently with respect to discretionary relief), the statute had not been unconstitutionally applied to him. The Court left open the question of whether the statute would be unconstitutionally applied in a case where, as here, a deportable alien was denied § 212(c) relief after *Fuentes–Campos*.

Ancheta–Velasco appealed his deportation order to the BIA, raising among other issues an equal protection challenge to the denial of § 212(c) relief to deportables but not excludables. The BIA dismissed his appeal on July 13, 2000, stating that it "cannot rule on the constitutionality of laws enacted by Congress." Ancheta–Velasco filed a petition for a writ of habeas corpus in the district court on September 11, 2000. He again raised the argument that AEDPA § 440(d) violates "due process and the prohibition against unjustified discrimination in deportation proceedings." The district court found an as-applied equal protection violation against Ancheta–

Velasco and granted the habeas corpus petition. The government appeals.

For the reasons set forth in *Servin–Espinoza v. Ashcroft*, 309 F.3d 1193 (9th Cir.2002), we affirm.

AFFIRMED.