**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Aquilino Baltazar ZENDEJAS–MIRANDA, aka, Jimenez Garcia Perez; Agullmo Zendejas Miranda; Jose Perez Garcia, Defendant–Appellant.**

**No. 02–10090.**
**D.C. No. CR–01–00922–SRB.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Nov. 18, 2002.

Before B. FLETCHER, R. ARNOLD,* and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Aquilino Zendejas–Miranda pleaded guilty to being in the United States illegally, in violation of 8 U.S.C. § 1326(a), as enhanced by 8 U.S.C. § 1326(b). The District Court sentenced him to 37 months in prison. In determining this sentence, the Court held that Mr. Zendejas–Miranda had previously been convicted of a crime of violence, thus enhancing his Guidelines offense level. The question presented on this appeal is whether the defendant's prior conviction – for an offense against the laws of Oregon – was in fact a crime of violence for Guidelines purposes. We affirm.

Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), a defendant is subject to a sixteen-level increase in his offense level if he has previously been deported after having been convicted of a felony crime of violence. Violation of a state law that has, as an element, the use of physical force against the person of another qualifies as a crime of violence for this purpose. U.S.S.G. § 2L1.2 App. Note 1(B)(ii)(I). The issue on this appeal depends on what evidence a sentencing court may look to in determining whether the prior offense was a "crime of violence."

There is no doubt that defendant in fact committed, and pleaded guilty to, a crime of violence under Oregon law. He was convicted of criminal mistreatment in the first degree, Ore.Rev.Stat. § 163.205, and admitted at the time of his guilty plea in the state court, that he had knowingly caused physical injury to a dependent (his stepdaughter), a violation of Ore.Rev.Stat. § 163.205(1)(b)(A). Defendant points out, however, that it is possible to violate § 163.205 in a number of other ways, none of them involving physical injury. Taking the property of the dependent or elderly, for example, is a violation of § 163.205(1)(b)(D). The information to which defendant pleaded guilty in Oregon did not refer specifically to the subparagraph of the statute having to do with the causing of physical injury. It alleged, instead, simply a violation of § 163.205.

Defendant points out that under *Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), courts should ordinarily look only at the elements of the offense as defined by statute, not at the facts underlying the violation. There are exceptions to this rule, however, including some cases in which the defendant is convicted under a statute that punishes both violent and nonviolent conduct. See *United States v. Rivera–Sanchez*, 247 F.3d 905, 908 (9th Cir.2001) (en banc). Still, a sentencing court is apparently confined to formal documents in the record of the previous offense, such as the information or other charging document.

Here, the District Court reviewed the charging information and plea agreement in the Oregon case. There was nothing improper about this. An indictment, information, or signed guilty plea are judicially

* The Honorable Richard S. Arnold, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

noticeable facts. *Rivera–Sanchez*, 247 F.3d at 908. Mr. Zendejas–Miranda could in fact have been charged under only one portion of the Oregon statute. Indeed, the information itself alleged that he had intentionally caused physical injury to a dependent, and he pleaded guilty to that information. The element necessary (physical force against the person of another) to establish the predicate offense (a crime of violence) appeared on the face of the formal record in the Oregon state court. Accordingly, the District Court did not impermissibly inquire into the underlying facts of the offense, and the enhancement for the previous commission of a crime of violence was properly applied. The judgment of the District Court is

AFFIRMED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.