**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Carlos GUTIERREZ–PANTOJA,**
**Defendant—Appellant.**

No. 01–10715.

D.C. No. CR–01–00016–DWH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Decided Dec. 20, 2002.

Before BERZON, TALLMAN, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Carlos Gutierrez–Pantoja appeals the sentence imposed after he pled guilty to Unlawful Reentry by a Deported Alien, 8 U.S.C. § 1326(a). The district court sentenced Gutierrez–Pantoja to seventy months of imprisonment. The court applied a sixteen-level enhancement because Gutierrez–Pantoja had been previously deported after a conviction in California state court for a "drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A). Gutierrez–Pantoja argues that his prior conviction under California Health and Safety Code § 11351.5 is not a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A), and that the district court therefore erred by applying the sixteen-level enhancement.

We apply a two-step analysis when considering whether a prior conviction triggers a federal sentencing enhancement. First, we inquire whether the statutory definition of the prior conviction falls within the conduct described in the sentencing enhancement. *United States v. Corona–Sanchez,* 291 F.3d 1201, 1203 (9th Cir. 2002) (en banc). If so, the enhancement is triggered. Second, if the statute of prior conviction prohibits conduct both within and without the federal sentencing enhancement, we go on to consider whether the enhancement is still applicable because " 'documentation or judicially noticeable facts [ ] clearly establish that the conviction is a predicate conviction for enhancement purposes.' " *Id.* at 1211 (quoting *United States v. Rivera–Sanchez,* 247 F.3d 905, 908 (9th Cir.2001) (en banc)). Documents appropriate for consideration under this second step include "the charging doc-

---

uments [,] ... the plea agreement, the transcript of the plea proceeding, [and] the judgment." *Id.*

Even if we accept Gutierrez–Pantoja's argument that § 11351.5 covers both conduct within ("to possess") and without ("to purchase") § 2L1.2(b)(1)(A), the judicially noticeable documents clearly establish that Gutierrez–Pantoja was convicted for the *possession* of cocaine base with intent to sell, not for the *purchase* of cocaine. The Felony Complaint filed on December 12, 1995, states that "On or about December 10, 1995, in the County of Los Angeles, the crime of POSSESSION FOR SALE OF COCAINE BASE, in violation of HEALTH & SAFETY CODE SECTION 11351.5, a Felony, was committed by CARLOS PANTOJA GUTTIEREZ." Also, the Abstract of Judgment filed on December 6, 1996, lists the crime of conviction as "POSS COCN BASE FOR SALE." That the Abstract of Judgment form provides limited space for describing the crime of conviction is not a basis for disregarding the description used. *United States v. Martinez,* 232 F.3d 728, 734 n. 5 (9th Cir.2000).

Gutierrez–Pantoja's conviction for "POSSESSION FOR SALE OF COCAINE BASE" qualifies as a "drug trafficking offense" triggering the sixteen-level enhancement. The sentence imposed by the district court is **AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.