**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jesus Dela TORRE–RODRIGUEZ,
Defendant–Appellant.**

No. 03–10088.
D.C. No. CR–02–00437–LDG/PAL.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 17, 2003.

Robert A. Bork, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Las Vegas, NV, Defendant–Appellant.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Jesus Dela Torre–Rodriguez appeals his 48–month sentence imposed following a guilty-plea conviction for illegal re-entry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we vacate and remand.

Torre–Rodriguez contends that the district court plainly erred when it used his prior drug conviction under Nev.Rev.Stat. 453.3385 as a basis for a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), be-

cause 453.3385 includes offenses that do not come within the guideline definition drug trafficking. The government correctly concedes that the district court erred. *See United States v. Rivera–Sanchez*, 247 F.3d 905, 909 (9th Cir.2001) (en banc) (remanding for the district court to establish that the prior conviction met the guideline definition where statute upon which predicate conviction was based was overbroad).

Accordingly, we vacate the sentence and remand for resentencing with an open record. *See United States v. Matthews*, 278 F.3d 880, 889 (9th Cir.2002) (en banc) (concluding that if a district court errs in sentencing, on remand, it should generally be free to consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing), *cert. denied*, 535 U.S. 1120, 122 S.Ct. 2345, 153 L.Ed.2d 173 (2002).

**VACATED AND REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.