**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Merced RODRIGUEZ–HERNANDEZ,
Defendant—Appellant.**

**No. 02–10643.
D.C. No. CR 02–833–PHX–RGS.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2003.

Decided Oct. 21, 2003.

John Robert Lopez, IV, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

James Sun Park, Park & Wilson, Phoenix, AZ, for Defendant-Appellant.

Before KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

## MEMORANDUM*

Merced Rodriguez–Hernandez appeals the district court's judgment sentencing him to 50 months in prison after he pled guilty to illegally re-entering the country after deportation, a violation of Immigration and Nationality Act § 276(a), (b)(2); 8 U.S.C. § 1326(a), (b)(2).

The Information, the Declaration, and the Order pursuant to which Rodriguez pled no contest to Counts One and Four, together with the state judgment of conviction and sentence imposed, constitute clear and convincing evidence that Rodriguez used force or violence in falsely imprisoning his ex-girlfriend. *See United States v. Rivera–Sanchez,* 247 F.3d 905, 908 (9th Cir.2001) (outlining the modified "categorical approach" for determining if the defendant's prior conviction qualifies as a crime of violence). The Information charged Rodriguez with multiple counts relating to the alleged false imprisonment: Count One charged Rodriguez with possession of a firearm by an ex-felon and Count Four charged him with committing "false imprisonment with force and violence." As the Declaration and Order demonstrate, Rodriguez plead no contest to Counts One and Four. Subsequently, according to the court minutes of January 26, 1998, Rodriguez was sentenced on both counts. Finally, Rodriguez's "Abstract of Judgment—Prison Commitment" states that on December 19, 1997, Rodriguez was convicted on Count One, "Poss Firearm/X–Fel," and Count Four, "False Imprison/Vio."

Thus, assuming without deciding, that the district court erred both in using the preponderance of the evidence standard and in shifting the burden of proof to Rodriguez, clear and convincing evidence supports the district court's determination that Rodriguez was previously convicted of a crime of violence, and any such errors would be harmless.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.