UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan ALVAREZ–SORIA, Defendant–Appellant.

No. 04–10274.

United States Court of Appeals,
Ninth Circuit.

Submitted March 16, 2005.*

Filed June 16, 2005.

Susan Jerich, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Alexandra McClure, Federal Public Defender's Office, San Francisco, CA, for Defendant–Appellant.

Before NOONAN, THOMAS and FISHER, Circuit Judges.

MEMORANDUM **

Juan Alvarez–Soria appeals his sentence and conviction following his conditional guilty plea for illegal reentry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

While Alvarez–Soria's 1999 conviction under Cal. Health & Safety Code § 11379(a) is not categorically an aggravated felony because it encompasses solicitation, *see United States v. Rivera–Sanchez,* 247 F.3d 905, 909 (9th Cir.2001) (en banc), the judicially noticeable documents before the district court—the information, the plea agreement and the judgment—established that Alvarez–Soria pled no contest to, and was subsequently convicted of, Count 3 of the information—which included transporting, soliciting *and* attempting to import methamphetamine. Thus, his particular conviction encompassed drug trafficking, which constitutes

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**582**

an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). Accordingly, the district court did not err when it denied Alvarez–Soria's motion to dismiss, finding that his prior conviction constituted an aggravated felony under the modified categorical approach.

Alvarez–Soria challenges his sentence under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Because the Sentencing Guidelines are no longer binding—and we cannot ascertain whether the district court would have imposed a different sentence under a discretionary regime—we remand to the district court for discretionary reconsideration of the sentence in light of *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc).

**AFFIRMED and REMANDED.**