**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Victoriano Dejesus PENA, Defendant—
Appellant.**

**No. 04–10320.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 2005.

Decided May 18, 2006.

Pamela A. Martin, Ray Gattinella, USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Chad A. Bowers, Esq., Law Offices of Chad A. Bowers, Ltd., Las Vegas, NV, for Defendant–Appellant.

Before: B. FLETCHER, GIBSON,* and BERZON, Circuit Judges.

MEMORANDUM **

Victoriano Dejesus Pena appeals his 211–month sentence, principally arguing that the district court erred in finding that he was a "career offender" under U.S.S.G. § 4B1.1(a). We review *de novo* the district court's interpretation of the sentencing guidelines, *see United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir.2006), and we affirm the sentence because we conclude that the district court's "career offender" determination was proper.

Pena argues that he should not have been designated a "career offender" be-
cause his two prior convictions under California Health & Safety Code § 11351.5 do not fall within the definition of a "controlled substances offense" under U.S.S.G. § 4B1.2(b). The state statute, he argues, punishes conduct that is both within and without the definition of a "controlled substances offense" under the sentencing guidelines. He thus concludes that his convictions under this provision cannot support the district court's finding that he was a "career offender."

We disagree that Pena's convictions under California Health & Safety Code § 11351.5 do not constitute "controlled substances offenses" under § 4B1.2(b) of the sentencing guidelines. We need not decide whether the statute's definition of the crime is broader than the definition of a controlled substances offense under the guidelines, since the two informations filed against him in connection with his previous convictions both specifically alleged that he "possessed" (as opposed to "purchased for possession") for sale specific amounts of cocaine base and he was convicted of the crimes as charged. *See United States v. Rivera–Sanchez*, 247 F.3d 905, 908 (9th Cir.2001) (noting that the modified categorical approach permits examination of "documentation or judicially noticeable facts . . . such as the indictment . . . or the transcript from the plea proceedings."). Therefore, we conclude that Pena's convictions were a valid basis for the district court's conclusion that he was a "career offender."

Because we hold that the district court permissibly designated Pena as a "career offender," we need not consider whether he has waived the right to contest this designation, as his appeal could not suc-

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ceed even if this right were preserved. Nor need we address whether his attorney was ineffective for failing to advise Pena about this designation, as our holding necessarily implies that the attorney's failure to do so either was not error or was not prejudicial to Pena.

The judgment of the district court is **AFFIRMED**.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.