Jose VALENCIA LOPEZ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72235.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2006.*

Filed April 4, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Frank D. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Norah Ascoli Schwarz, Esq., Luis E. Perez, Esq., Washington, DC, for Respondent.

Before: BEEZER, O'SCANNLAIN, and TROTT, Circuit Judges.

## MEMORANDUM **

Jose Valencia Lopez, a native and citizen of Mexico, petitions for review from the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an immigration judge's ("IJ") finding that he had been convicted of an aggravated felony and a controlled substances offense. We have jurisdiction to consider the questions of law raised in the petition. 8 U.S.C. § 1252(a)(2)(D); *see also Fernandez–Ruiz*

---

** This disposition is not appropriate for publication and is not precedent except as provid-

*v. Gonzales,* 466 F.3d 1121, 1124 (9th Cir. 2006) (en banc).

Valencia Lopez primarily argues that because a conviction under Cal. Health & Safety Code § 11352(a) is not a categorical aggravated felony under *United States v. Rivera–Sanchez,* 247 F.3d 905, 909 (9th Cir.2001) (en banc), the government was required to prove that the judicially noticeable facts "unequivocally establish" that he was convicted of an aggravated felony. He contends that the government did not meet this burden.

We need not resolve that question because the IJ also found Valencia Lopez removable as an alien convicted of a law relating to a controlled substance. *See* 8 U.S.C. § 1227(a)(2)(B)(i). If that determination was correct, Valencia Lopez is ineligible for cancellation of removal because he is a non-permanent resident alien. *See* 8 U.S.C. § 1229b(b)(1)(C). Although Valencia Lopez argues that the expungement of his conviction under California's state rehabilitative statute nullifies the conviction for immigration purposes, *see Lujan–Armendariz v. INS,* 222 F.3d 728, 749–50 (9th Cir.2000), that argument is without merit. It is clear on this record that Valencia Lopez's conviction was not for "simple possession" and he would thus be ineligible for relief under the Federal First Offenders Act. *See Chavez–Perez v. Ashcroft,* 386 F.3d 1284, 1287–88 (9th Cir. 2004).

Accordingly, because the BIA properly determined that Valencia Lopez was an alien convicted of a controlled substances offense, rendering him ineligible for cancellation of removal, we are without jurisdiction to review further the final order of removal. 8 U.S.C. § 1252(a)(2)(C).

ed by 9th Cir. R. 36–3.

PETITION FOR REVIEW DIS-MISSED.