**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-50435 |
| Plaintiff - Appellee, | D.C. No. CR-06-02515-TJW |
| v. | |
| SERGIO LUA-BERMEJO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted March 8, 2011[**]

Before:    FARRIS, LEAVY, and BYBEE, Circuit Judges.

Sergio Lua-Bermejo appeals from his conviction for attempted entry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Lua-Bermejo contends that the district court erred when it denied his motion to dismiss the indictment because the prior removal alleged in the indictment was the product of a fundamentally unfair deportation proceeding. First, Lua-Bermejo contends that his appeal waiver was invalid. The record reflects that his waiver was "considered and intelligent." *United States v. Estrada-Torres*, 179 F.3d 776, 781 (9th Cir. 1999) (per curiam), *overruled on other grounds by United States v. Rivera-Sanchez*, 247 F.3d 905 (9th Cir. 2001) (en banc).

Second, Lua-Bermejo contends that he was not adequately advised of possible eligibility for discretionary relief under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994). There was no possibility that Lua-Bermejo was eligible for relief because he did not have the requisite seven years of unrelinquished domicile. *See* 8 U.S.C. § 1182(c) (1994); *United States v. Lopez-Velasquez*, 629 F.3d 894, 896-901 (9th Cir. 2010) (en banc). Accordingly, the immigration judge did not have a duty to inform him of such relief. *See Lopez-Velasquez*, 629 F.3d at 901.

Finally, Lua-Bermejo contends that his waiver of the right to counsel was not knowing and voluntary. This contention was not raised in the district court and

we decline to consider it for the first time on appeal.  *See Rhoades v. Henry*, 598

F.3d 495, 501 & n.7 (9th Cir. 2010).

**AFFIRMED.**