**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BLAS RUANO-MARTIN, | No. 06-71377 |
| Petitioner, | Agency No. A017-266-892 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

Blas Ruano-Martin, a native and citizen of Spain, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo constitutional claims, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009), and we deny the petition for review.

Ruano-Martin's contention that retroactive application of section 304 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, which eliminated relief under former section 212(c) of the Immigration and Nationality Act, violated his right to due process is unavailing. *See United States v. Velasco-Medina*, 305 F.3d 839, 850 (9th Cir. 2002) ("To the extent he anticipated the continued availability of § 212(c) relief after his guilty plea, his expectations were neither reasonable nor settled under *St. Cyr*.").

Ruano-Martin's contention that application of 8 C.F.R. § 1212.3(f)(4) violated his right to equal protection is also unavailing. Ruano-Martin was ineligible to apply for relief under former section 212(c) regardless of whether he was charged as removable under the grounds of inadmissibility or the grounds of deportability. *See United States v. Estrada-Torres*, 179 F.3d 776, 779 (9th Cir. 1999), *overruled on other grounds United States v. Rivera-Sanchez*, 247 F.3d 905, 909 (9th Cir. 2001) (en banc), (criminal bars to section 212(c) relief enacted by section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to both excludable and deportable aliens); *see also* 8 C.F.R. § 1212.3(h)(2) (otherwise eligible aliens convicted by plea between April 24, 1996,

and April 1, 1997, may apply for relief under former section 212(c) of the Act, "as amended by section 440(d) of [AEDPA]").

**PETITION FOR REVIEW DENIED.**