**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50285 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03382-H-1 |
| v. | |
| JOAQUIN HERNANDEZ-NAVARRO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted May 15, 2014
Pasadena, California

Before: PREGERSON, REINHARDT, and NGUYEN, Circuit Judges.

Defendant Joaquin Hernandez-Navarro ("Hernandez") appeals from his

conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326(a)

and (b), by challenging the validity of his underlying deportation.[1]  We review the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1]Hernandez does not appeal his conviction for false claim to United States citizenship, in violation of 18 U.S.C. § 911.

district court's denial of a motion to dismiss de novo, *United States v. Ramos*, 623 F.3d 672, 680 (9th Cir. 2010), and we affirm.

1.    "[A]n alien cannot collaterally attack an underlying deportation order if he validly waived the right to appeal that order." *Id.* (quoting *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000)). A waiver of the right to appeal is valid if it is "considered and intelligent." *Id.* The Immigration Judge ("IJ") first advised Hernandez of his right to appeal in a group setting, and then asked him individually, after his hearing, if he wished to appeal. Hernandez declined to appeal. This procedure does not in itself violate the right to due process. *United States v. Estrada-Torres*, 179 F.3d 776, 781 (9th Cir. 1999), *overruled on other grounds by United States v. Rivera-Sanchez*, 247 F.3d 905 (9th Cir. 2001). Moreover, the isolated moments during the hearing when Hernandez did not understand a question or did not know an answer reflect neither a lack of understanding of the removal proceedings in general nor a specific lack of understanding of the right to appeal. Hernandez's waiver of his right to appeal was therefore valid.

2.    An alien in removal proceedings has the right to counsel under the Fifth Amendment. *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004). "Although IJs may not be required to undertake Herculean efforts to afford the

right to counsel, at a minimum they must (1) inquire whether the petitioner wishes counsel, (2) determine a reasonable period for obtaining counsel, and (3) assess whether any waiver of counsel is knowing and voluntary." *Ramos*, 623 F.3d at 682 (internal quotation marks omitted) (quoting *Ram v. Mukasey*, 529 F.3d 1238, 1241 (9th Cir. 2008)). Here, Hernandez was advised, in a group, of his right to counsel, provided with a list of free counsel, and informed that if he wished to retain counsel he did not need to proceed with his immigration case that day. The IJ then asked him individually if he wished to represent himself and proceed with the hearing that day, and he said that he did. Hernandez offers no legal basis for his assertion that the IJ's advisal of the right to counsel was invalid because the IJ did not sufficiently explain the potential consequences of self-representation.

3.      Because Hernandez validly waived his right to appeal and has not demonstrated a due process violation in his removal proceedings, his collateral challenge to his underlying removal order fails. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004); 8 U.S.C. § 1326(d). We affirm the conviction for attempted entry after deportation.

AFFIRMED.

3