**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 7 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JOSE MARAVILLA-LEON,<br><br>Defendant-Appellant. | No.   17-50072<br><br>D.C. No.<br>3:16-cr-00427-JLS-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted July 10, 2018
Pasadena, California

Before:  FISHER,[**] WATFORD, and FRIEDLAND, Circuit Judges.

Defendant Jose Maravilla-Leon was convicted of illegal reentry into the

United States under 8 U.S.C. § 1326, which prohibits an alien from reentering after

he has been deported or removed. Maravilla appeals the District Court's denial of

his motion to dismiss the information. He attacks the removal order underlying his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

conviction, arguing that his attorney in the removal proceedings was ineffective and that his waiver of appeal rights was invalid. We affirm.

"A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004). The collateral attack succeeds if the alien shows that entry of the underlying removal order was "fundamentally unfair," 8 U.S.C. § 1326(d)(3)—that is, that it violated due process rights and the alien "suffered prejudice as a result," *Ubaldo-Figueroa*, 364 F.3d at 1048 (quoting *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1988).[1] We review this issue de novo, and the District Court's underlying factual findings are reviewed for clear error. *United States v. Ramos*, 623 F.3d 672, 679-80 (9th Cir. 2010).

The statute permits the defendant to collaterally attack only "the validity of the deportation order." 8 U.S.C. § 1326(d). Therefore, "due process rights to assistance of counsel do not extend beyond the fairness of the [deportation] hearing itself." *Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1050 (9th Cir. 2008). "[I]n order to find ineffective assistance of counsel . . . the legal services must be rendered

---

[1] There are two other statutory requirements for a successful collateral attack on a removal order. Neither is at issue here.

'*while proceedings were ongoing.*'" *Id.* (quoting *Lara-Torres v. Ashcroft*, 383 F.3d 968, 974 (9th Cir. 2004), *amended sub nom. Lara-Torres v. Gonzales*, 404 F.3d 1105 (9th Cir. 2005)).

Maravilla argues that his lawyer rendered ineffective assistance both in connection with a 2013 U-visa application and during the removal proceedings. However, we are precluded from taking into account counsel's deficient performance in connection with the 2013 U-visa petition. *Balam-Chuc*, 547 F.3d at 1050. We have "reject[ed] [an] . . . attempt to cast . . . an expansive and amorphous Fifth Amendment due process right that encompasses legal assistance which does not undermine the fairness of the actual [removal] process itself." *Lara-Torres*, 383 F.3d at 975, *as amended*, 404 F.3d at 1105. Ineffective assistance in filing a visa petition before the initiation of removal proceedings is not cognizable under § 1326(d), even where failure to obtain the visa later leads to removal. *Balam-Chuc*, 547 F.3d. at 1050-51.

Therefore, we need not decide whether Maravilla's attorney's assistance in 2013 meets the ineffectiveness standard. We do note, however, that Maravilla was represented exceedingly poorly. His somewhat unusual situation was not well explained, and supporting documents did not meet the statutory requirements and had expired. Here, as in *Balam-Chuc*, the attorney's failings led to "terrible consequences for [Maravilla] and his family." *Id.* at 1051. And here, as there, we

17-50072

are constrained to rule that "the Fifth Amendment simply does not apply to the preparation and filing of a petition that does not relate to the fundamental fairness of an ongoing [removal] proceeding." *Id.*

As for the renewed attempt to file a U-visa petition in 2015 once removal proceedings had begun, we cannot conclude that Maravilla's lawyer was ineffective, because she could not have done anything more to affect the outcome. Maravilla argues that he meets the statutory requirements for a U-visa because in 2007—before his federal drug conviction—he was standing nearby when his brother was murdered, and he has been and will be helpful to law enforcement in its investigation of the crime. *See* 8 U.S.C. § 1101(a)(15)(U)(i). But as part of the U-visa petition, an alien is required to provide a certification by law enforcement that the statutory criteria are met. 8 C.F.R. § 214.14(c)(2)(i). The sheriff's office provided such a certification in 2012, which Maravilla's lawyer attached to the ultimately-rejected 2013 U-visa petition.[2] However, in 2015, the sheriff's office refused to provide another certification. A sergeant later wrote a letter explaining that the denial was not only based on the prior failed U-visa application, but also

---

[2] The 2012 law enforcement certification failed to identify Maravilla as a crime victim, instead saying that his deceased brother was the victim of a murder. It also did not explain how Maravilla had suffered substantial physical or mental abuse. Maravilla argues that these deficiencies were the result of his lawyer's ineffective assistance, because she failed to provide the sheriff with the necessary information. As we have explained, however, the lawyer's ineffectiveness in connection with the 2013 U-visa application is not cognizable under 8 U.S.C. § 1326(d).

on the fact that Maravilla "did not meet the federal guidelines for a U-visa as he was not a direct victim, bystander victim or an indirect victim," and on the fact that Maravilla was "going through the federal court process for drug trafficking and was currently in final deportation status."

Maravilla argues that his lawyer's ineffective assistance with the 2013 U-visa petition doomed the 2015 U-visa efforts. However, the District Court made a factual finding that the real "impediment in obtaining relief" was "the [sheriff's] determination that [Maravilla] was not a victim." That finding is not clearly erroneous. The sheriff's letter said that the earlier failed U-visa application was one reason that he refused to provide a law enforcement certification, but the determination that Maravilla was not a victim was sufficient. Thus, Maravilla's inability to obtain the needed certification in 2015 was not caused by ineffective assistance of counsel.

Maravilla also collaterally attacks his underlying removal order on the basis of two waivers of appeal rights, which he argues were invalid: his right to appeal the 2013 U-visa denial, and his right to appeal the 2015 removal order. He argues that these waivers were not knowing and voluntary because no one explained his rights to him.

To show a knowing, voluntary waiver of appeal rights, the Government must establish that those rights were explained and that the defendant clearly and

17-50072

personally waived them. *United States v. Estrada-Torres*, 179 F.3d 776, 781 (9th Cir. 1999), *overruled on other grounds by United States v. Rivera-Sanchez*, 247 F.3d 905 (9th Cir. 2001). In addition to an invalid waiver, there must also be prejudice. *Ubaldo-Figueroa*, 364 F.3d at 1048.

We do not consider Maravilla's waiver of his right to appeal the 2013 U-visa denial, because the due process protection embodied in § 1326(d) does not encompass visa petitions filed before removal proceedings begin. *See Lara-Torres*, 383 F.3d at 975; *Balam-Chuc*, 547 F.3d at 1050-51.

With regard to Maravilla's waiver of his right to appeal the 2015 removal order, there was no prejudice. To obtain a U-visa, Maravilla needed a law enforcement certification. As discussed, the District Court's factual finding—that Maravilla would not have obtained a certification because he was not a victim—is not clearly erroneous. While the court made this finding to support its conclusion that there was no ineffective assistance of counsel, the finding also supports the conclusion that Maravilla was not prejudiced by his waiver of appeal rights. Without a U-visa or any viable claim in removal proceedings, appeal from the 2015 removal order would have been futile.

**AFFIRMED.**

17-50072