[No. E022250. Fourth Dist., Div. Two. Feb. 24, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE ROBERTO PARRA et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 2, 3, 4.

COUNSEL

Richard V. Myers, under appointment by the Court of Appeal, for Defendant and Appellant Jose Roberto Parra.

Michael Sideman, under appointment by the Court of Appeal, for Defendant and Appellant Manuel A. Parra.

Daniel E. Lungren, Bill Lockyer, Attorneys General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Garrett Beaumont and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**McKINSTER, J.**—Defendants Jose Roberto Parra and Manuel A. Parra[1] appeal their convictions for transportation of a large amount of cocaine in the dashboard of Jose Parra's car. Both defendants were convicted on count I for violation of Health and Safety Code section 11352, subdivision (a) (transportation of a controlled substance) and on count II for violation of Health and Safety Code section 11351 (possession of a controlled substance with intent to sell).

Defendants timely appeal, contending that the trial court made several instructional and sentencing errors. Both defendants contend that the trial court gave an inadequate reasonable doubt instruction. Jose Parra contends[2] that (1) there was insufficient evidence to support his conviction for possession of a controlled substance with intent to sell, (2) the trial court abused its discretion in sentencing him to the aggravated term of imprisonment on both counts. Manuel Parra contends that the trial court failed to give sua sponte an aiding and abetting instruction.

We find no error and affirm.

DISCUSSION

1. *Sufficiency of the Evidence*

Defendants contend that there was insufficient evidence for the jury to convict them of possession of a controlled substance with intent to sell it

---

[1]Both defendants will be referred to collectively as "defendants" or by their full names.

[2]We note that only Jose Parra raised the sufficiency of the evidence issue on appeal. However, as the Second District held in *People* v. *Neal* (1993) 19 Cal.App.4th 1114, 1121 [24 Cal.Rptr.2d 129], sufficiency of the evidence issues are never waived. We will therefore consider the sufficiency of the evidence issue as to both defendants.

because there was no evidence of their specific intent to sell the cocaine *personally*. They argue that the evidence presented by the prosecution shows that they were nothing more than mere transporters of the cocaine, or, to borrow a more colorful term from the closing argument at trial, "mules." The state responds that in order to meet its burden of proof at trial, the prosecution only had to show that defendants possessed the cocaine with the specific intent that it be sold, either by them or by someone else.

On September 10, 1997, a California Highway Patrol officer pulled over defendants traveling on the northbound Interstate Highway 15 for traffic violations. Subsequent investigation and the ensuing search of the car revealed that it contained a large amount of cocaine behind the dashboard. Defendants were arrested and charged with transportation of a controlled substance in the amount over 1 kilogram (count I) and possession of a controlled substance with an intent to sell (count II).[3]

The following evidence was adduced at the trial. Officer Hoffman[4] testified on behalf of the prosecution that based on his experiences as a narcotics interdiction officer, the amount of cocaine recovered from defendants' car, as well as the lack of drug paraphernalia in the car, indicated that the cocaine was possessed with an intent to sell it.

Another prosecution witness, Detective Corbin, also testified that based on (1) the way the cocaine was packaged, (2) the amount of cocaine recovered from the defendants' car, (3) the fact that cocaine was concealed behind the dashboard of the car, (4) the absence of any drug paraphernalia in the car, and (5) the fact that neither of the defendants appeared to be under the influence of narcotics, defendants possessed cocaine with the intent to sell it.

■ "In assessing the sufficiency of the evidence, we review the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' [Citations.]" (*People* v. *Bolin* (1998) 18 Cal.4th 297, 331 [75 Cal.Rptr.2d 412, 956 P.2d 374].)

■ In order to secure a conviction of a violation of Health and Safety Code section 11351, the prosecution must prove beyond a reasonable doubt

---

[3]The remaining facts will be discussed only as they pertain to the issues in this case.
[4]Officer Hoffman was the arresting officer in this case.

that (1) the defendant exercised dominion and control over the controlled substance, (2) the defendant was aware that he or she was in possession of a controlled substance, (3) the defendant was aware of the nature of a controlled substance, (4) the controlled substance was in an amount sufficient to be used for sale or consumption as a controlled substance, and (5) the defendant possessed a controlled substance with the specific intent to sell it. (CALJIC No. 12.01 (6th ed. 1996); see also *People* v. *Newman* (1971) 5 Cal.3d 48, 53 [95 Cal.Rptr. 12, 484 P.2d 1356].)

Our Supreme Court has not expressly addressed the issue of whether Health and Safety Code section 11351 requires that the defendant have the specific intent to sell the controlled substance *personally*. However, there are two decisions from this district that shed some light on this subject. In *In re Christopher B.* (1990) 219 Cal.App.3d 455 [268 Cal.Rptr. 8] our colleagues in Division One held that in order to be convicted of a violation of Health and Safety Code section 11351, a defendant needs to possess the controlled substance with the specific intent to sell it himself. (*In re Christopher B.*, *supra*, 219 Cal.App.3d at p. 466.) In reversing a defendant's conviction, the court noted that possession of a controlled substance with mere knowledge that someone else will sell it later was not sufficient to furnish the requisite specific intent to sell required by the statute. (*Ibid.*) On the other hand, in *People* v. *Consuegra* (1995) 26 Cal.App.4th, 1726, 1731-1732 [32 Cal.Rptr.2d 288], in footnote 4, our colleagues in Division Three held that a defendant can be convicted for possession with an intent to sell based upon knowledge that someone else down the distribution chain will sell the controlled substance. The *Consuegra* court observed further that "[w]e see no meaningful distinction in culpability between the individual who holds the drugs to sell personally and the one who holds them for others to sell" and Health and Safety Code section 11351 "do[es] not specify that the drugs be held for the possessor to sell but only that they be 'for sale.' " (*Ibid.*) Furthermore, the court distinguished *In re Christopher B.* on the ground that the court in that case was not called upon to decide whether the defendant must intend to sell the controlled substance personally. (26 Cal.App.4th at p. 1732, fn. 4.) Therefore, the *Consuegra* court concluded, the requisite mental state for a conviction under section 11351 is satisfied "when the drugs are possessed with the specific intent that they be sold, regardless of whether the possessor intends to sell them personally." (26 Cal.App.4th at p. 1732, fn. 4.)

In our view, the position taken by our colleagues in the Third Division is a correct one. On its face, Health and Safety Code section 11351 does not state that the defendant has to have the specific intent to sell the controlled substance personally, only that it be " 'for sale.' " (*People* v.

*Consuegra, supra,* 26 Cal.App.4th at p. 1732, fn. 4.) The Use Note to CALJIC No. 12.01 does not indicate that there is a requirement that the controlled substance must be possessed with the specific intent to sell it personally. Furthermore, we find no meaningful distinction in culpability between the defendant who actually sells the controlled substance and the defendant who transports it with the specific intent that someone else will sell it, as they both share in the specific intent to sell.[5] Therefore, we conclude that in order to be convicted of a violation of the Health and Safety Code section 11351 the defendant needs to either (1) possess the specific intent to sell the controlled substance personally, or (2) possess the specific intent that someone else will sell the controlled substance.

Turning to the facts of this case, we find that there was sufficient evidence to support defendants' conviction for possession with an intent to sell. Both Officer Hoffman and Detective Corbin, experienced narcotics interdiction officers, testified that, based on the quantity of the controlled substance seized and lack of drug paraphernalia in the car, defendants possessed cocaine with the specific intent to sell. It is well settled that ". . . experienced officers may give their opinion that the narcotics are held for purposes of sale based upon such matters as quantity, packaging and normal use of an individual; on the basis of such testimony convictions of possession for purpose of sale have been upheld." (*People* v. *Newman, supra,* 5 Cal.3d at p. 53, citing *People* v. *Martin* (1966) 247 Cal.App.2d 416, 420-421 [55 Cal.Rptr. 629]; *People* v. *Aguilar* (1965) 232 Cal.App.2d 173, 178 [42 Cal.Rptr. 666]; see also *People* v. *Peck* (1996) 52 Cal.App.4th 351, 357 [61 Cal.Rptr.2d 1].)

Therefore, there was sufficient evidence to support defendants' conviction for violation of Health and Safety Code section 11351.

2.-4.*

. . . . . . . . . . . . . . . . . . . . . . . . .

---

[5]The state argues that even if there was insufficient evidence of Jose Parra's own intent to sell the controlled substance, we could affirm his conviction because he intended to aid and abet the person who had the specific intent to sell the drugs. This argument misses the mark because the crime of the alleged recipient/seller was never completed and the liability of aider and abettor attaches only when all substantive elements of the predicate offense are satisfied. (*See People* v. *Montoya* (1994) 7 Cal.4th 1027, 1040-1041 [31 Cal.Rptr.2d 128, 874 P.2d 903].)

*See footnote, *ante,* page 222.

## DISPOSITION

The judgment of the trial court is affirmed.

Ramirez, P. J., and Richli, J., concurred.

A petition for a rehearing was denied March 17, 1999, and appellants' petitions for review by the Supreme Court were denied May 26, 1999.