**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Benjamin MATTIS, Defendant–Appellant.**

No. 00–50501.

D.C. No. CR–00–00026–IEG.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2001.

Decided June 20, 2001.

Before ALARCON, TROTT, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

In this appeal, we decide primarily whether Defendant–Appellant Benjamin Mattis's 1996 state drug conviction for possession of cocaine for sale in violation of California Health & Safety Code § 11351 (1996), constitutes an "aggravated felony" under the Federal Sentencing Guidelines. We have jurisdiction over Mattis's timely appeal pursuant to 28 U.S.C. § 1291, and we agree with the district court that judicially noticeable documents demonstrate by clear and convincing evidence that Mattis's 1996 state drug conviction qualifies as an aggravated felony. Therefore, we AFFIRM.

### A. Standard of Review

We review de novo whether the aggravated felony provisions of the Sentencing Guidelines apply to Mattis's 1996 California state conviction. *See United States v. Rivera–Sanchez,* 247 F.3d 905, 907 (9th Cir.2001) (en banc).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## B. Analysis

To qualify as an aggravated felony, Mattis's 1996 state drug conviction must be a felony that is punishable under the Controlled Substances Act. *See* 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2); U.S.S.G. § 2L1.2, note 1.

In determining whether a prior conviction should be considered an aggravated felony for federal sentencing purposes, we use the two-step analytical model constructed by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See Rivera-Sanchez*, 247 F.3d at 907. "[W]e must first analyze the statute that formed the basis for the sentence enhancement." *Id.* at 908. If the state statute encompasses conduct that would constitute a drug trafficking crime under federal law and conduct that would not, we may then examine "documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes[,] such as the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings." *Id.* (quoting *United States v. Casarez-Bravo*, 181 F.3d 1074, 1077 (9th Cir.1999)).

In 1996, Mattis was convicted of violating Cal. Health & Safety Code § 11351, which provides:

> "[E]very person who possesses for sale or purchases for purposes of sale ... any controlled substance [specified in various sections of California law], shall be punished by imprisonment in the state prison for two, three, or four years."

CAL. HEALTH & SAFETY CODE § 11351.

Asserting two distinct arguments, Mattis contends that § 11351 encompasses conduct that would not meet the definition of an "aggravated felony" for federal sentencing purposes. First, Mattis claims that California courts define certain terms more broadly than do federal courts, and consequently, some acts prohibited by § 11351 are not unlawful under the Controlled Substances Act. In support of this theory, Mattis hypothesizes that a defendant could be convicted under § 11351 (but not under federal law) if that defendant has a roommate who keeps a distributable amount of a controlled substance in a common area of the house, even if the defendant "has nothing to do with the [controlled substance] but is aware of its presence."

■ The very case cited by Mattis—*People v. Parra*, 82 Cal.Rptr.2d 541, 70 Cal.App.4th 222 (Cal.Ct.App.1999)—refutes his hypothetical and this particular argument. The *Parra* court made clear that to sustain a conviction under § 11351, the government must prove, among other things, that the defendant had the specific intent that either he or someone else would sell the controlled substance. *Parra*, 70 Cal.App.4th at 225–27, 82 Cal. Rptr.2d 541. A defendant who, in Mattis's words, "has nothing to do with the [drug] but is aware of its presence," would not have the specific intent required by § 11351, and therefore could not be convicted of that offense. *See id.*

■ Second, Mattis contends that some controlled substances prohibited under § 11351 are not unlawful under the Controlled Substances Act. We agree. California law outlaws the possession for sale of certain substances that federal law does not specifically forbid. *Compare* CAL. HEALTH & SAFETY CODE § 11054(b)(43) (identifying tilidine by name) *with* 21 U.S.C. § 812(b) (not identifying tilidine in any of the prohibited drug schedules). Therefore, a person in California who possesses tilidine with the intent to sell could be convicted under Cal. Health & Safety Code § 11351, but could

not be convicted under the Controlled Substances Act. *See* CAL. HEALTH & SAFETY CODE § 11351 (making it unlawful to possess "any controlled substance specified in subdivision (b), (c), or (e) of Section 11054," including tilidine). Because at least some conduct prohibited by § 11351 is not unlawful under the federal Controlled Substances Act, a conviction under § 11351 does not, *by itself,* justify a finding that the defendant was convicted of an aggravated felony. *See Rivera–Sanchez,* 247 F.3d at 908; *Casarez–Bravo,* 181 F.3d at 1078.

■ However, under the *Taylor* approach, this conclusion does not end our analysis. *Rivera–Sanchez,* 247 F.3d at 908. The second step is to examine judicially noticeable documents, including the indictment and the judgment and commitment form, to determine if they establish that the state conviction is a predicate aggravated felony conviction for enhancement purposes. *Id.* In this case, the district court examined such judicially noticeable documents and determined that Mattis's 1996 conviction did indeed meet the criteria for an aggravated felony.[1]

Initially, the court examined the indictment, which charged in Count 10:

**COUNT—10 POSSESSION FOR SALE OF A CONTROLLED SUBSTANCE**

On or about November 19, 1992 ... BENJAMIN MATTIS ... did unlawfully possess controlled substances for sale, and purchase for purposes of sale, *to wit: cocaine,* in violation of HEALTH AND SAFETY CODE SECTION 11351.

And, it is further alleged that the weight of the substance involved in the above described offense was 28.5 grams or more of cocaine, or a substance containing 28.5 grams or more of cocaine, or 57 grams or more of a substance containing cocaine, within the meaning of Penal Code section 1203.073(b)(1).

■ Of course, the indictment shows only what Mattis was charged with, not the crime for which he was eventually convicted. *See United States v. Martinez,* 232 F.3d 728, 734 (9th Cir.2000) ("While Martinez may have been charged with importation, there are no judicially noticeable facts demonstrating that he was *convicted* of that charge.") (emphasis in original). However, the district court also examined Mattis's "judgment and conviction form." That form demonstrates that Mattis pled guilty to "Ct 10 HS 11351." Because Mattis pled guilty to Count 10, and because

---

1. We grant the government's application to correct and complete the record on appeal pursuant to Federal Rule of Appellate Procedure 10(e). *See* FED. R. APP. P. 10(e). Judge Gonzalez's clarifying order makes it abundantly clear that she "reviewed and considered [Mattis's indictment and his judgment and commitment form] in determining that by clear and convincing evidence the defendant had in fact been convicted of an aggravated felony ...."

We wish to make clear, however, that even without Judge Gonzalez's clarifying order, the record amply demonstrates that Judge Gonzalez examined and considered the relevant judicially noticeable documents. For example, when the probation officer described the judgment and commitment form, Judge Gonzalez stated: "Okay. You can give that [judgment and commitment form] to the clerk, and I'll look at it." Further, when a dispute arose over exactly what crime Mattis was convicted, Judge Gonzalez referred to and quoted from the judgment and commitment form, stating, "It says, 'Count Ten, a violation of the Health and Safety Code, Section 11351.'" Finally, at the conclusion of Mattis's sentencing hearing, Judge Gonzalez confirmed her personal examination of the judicially noticeable documents when she said: "I find that you have an aggravated felony on your record. And, as I said, it was this drug conviction, because you did plead guilty to possession of a drug for sale, and that's what makes it aggravated."

Count 10 specifically charged Mattis with possessing *cocaine* for sale in violation of § 11351, it is clear that he was actually convicted of that crime. In turn, possessing cocaine with the intent to distribute is a "felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.)," and therefore qualifies as an "aggravated felony." 18 U.S.C. § 924(c)(2); 8 U.S.C. § 1101(a)(43)(B); U.S.S.G. § 2L1.2, note 1.

Accordingly, the district court correctly concluded that the judicially noticeable documents showed by clear and convincing evidence that Mattis's 1996 California state conviction for possession of cocaine for sale was an aggravated felony for federal sentencing purposes.[2]

AFFIRMED.

---

**2.** We reject Mattis's alternative arguments. First, Mattis argues that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), overruled *Almendarez–Torres v. United States,* 523 U.S. 224, 239, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), or at least limited *Almendarez–Torres* to cases where the defendant admitted having a prior aggravated felony. We have rejected these precise arguments. *See United States v. Arellano–Rivera,* 244 F.3d 1119, 1127–28 (9th Cir. 2001); *United States v. Pacheco–Zepeda,* 234 F.3d 411, 413–15 (9th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (Apr. 2, 2001).

Mattis's argument that 8 U.S.C. § 1326 is unconstitutional similarly lacks merit. *Almendarez–Torres,* 523 U.S. at 239, specifically upheld the constitutionality of § 1326, and although the Supreme Court has expressed "doubt" about the continuing validity of *Almendarez–Torres* in light of *Apprendi,* we have been instructed to leave to the Supreme Court "the prerogative of overruling its own decisions." *Agostini v. Felton,* 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) (quoting *Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989)).

