Filed 1/22/14  Modified and certified for publication 2/10/14 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | G048566 |
| v. | (Super. Ct. No. 13NF1165) |
| OMAR BAUTISTA, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Carla Singer, Judge.  Reversed.

Tony Rackauckas, District Attorney, and Matt Lockhart, Deputy District Attorney, for Plaintiff and Appellant.

Frank Ospino, Public Defender, Jean Wilkinson, Chief Deputy Public Defender, Mark S. Brown, Assistant Public Defender, and Alison Worthington, Deputy Public Defender, for Defendant and Respondent.

The People filed a felony complaint alleging defendant violated Health and Safety Code section 11351 (possession of heroin for sale), Penal Code section 647, subdivision (f) (public intoxication), and Penal Code section 148.9, subdivision (a) (identifying himself to a police officer under a false name).[1]  At a preliminary hearing, the magistrate found the evidence was insufficient to hold defendant to answer on the possession for sale charge.  The magistrate permitted the People to amend the complaint to add a fourth charge for simple possession of heroin in violation of Health and Safety Code section 11350, subdivision (a), and held defendant to answer on the remaining charges.  The People subsequently filed an information including not only the three charges for which defendant was held to answer, but also again alleging the previously dismissed possession for sale charge.  Defendant filed a motion to dismiss the possession for sale charge under section 995.  The court, believing itself bound by the magistrate's resolution, granted the motion.  The People appealed.

We reverse.  The court correctly concluded the magistrate had not made any express factual determinations that would bind the court, yet incorrectly concluded it could not revisit the magistrate's ruling on the sufficiency of the evidence to hold defendant to answer.  The latter finding is not binding on the court, and the court should have independently reviewed the evidence to determine its sufficiency.  Having independently examined the evidence ourselves, we conclude there is sufficient evidence to charge defendant with possession for sale (Health & Saf. Code, § 11351).

FACTS

Defendant was a passenger in a vehicle parked in an alley that was blocking traffic.  Two officers approached the vehicle and found both the driver and defendant

---

[1] All statutory references are to the Penal Code unless otherwise stated.

2

slumped over and unconscious. Defendant was arrested for public intoxication and his person was searched incident to arrest. The arresting officer found a plastic baggie containing a brown tar like substance resembling heroin. The officers found no drug paraphernalia, nor any tools of the drug selling trade on defendant's person, and did not search the vehicle. The officer performed a "Valtox presumptive test" on the brown substance that revealed the presence of opiates. The defendant was transported to the police station where the substance was determined to weigh 10.33 grams.

At the preliminary hearing, the People's expert testified the average heroin user uses "one tenth of a gram once or twice per day." Accordingly, defendant possessed about 50 to 100 days worth of heroin. In the expert's opinion, defendant possessed the heroin for sale.

The magistrate framed the issue as follows: "It appears the sole issue before the court really is whether or not quantity alone can support an opinion, for the purpose of the preliminary hearing, that it was possessed for the purposes of sales." With respect to the People's expert, the magistrate stated, "I find him to be credible, but the opinion of the [expert] officer that that alone is sufficient for proof of sales, I'm not so sure that's enough for the court." The magistrate concluded, "Burden of proof at the preliminary hearing is low. But why should the case go before a jury? Because that's really not beyond a reasonable doubt standard. It will never meet that. So if it gets disposed of at some point down at Central Court, or if it goes to trial, it probably will end up being. Why not just make a call here? [¶] It really isn't enough in my opinion. I just don't see it. It's quantity."

As noted above, the People subsequently reinstated the possession for sale charge in the information, utilizing the procedure permitted by section 739. Defendant moved to dismiss the possession for sale charge under section 995, contending the magistrate had made factual findings as to the credibility of the People's expert that bound the court.

3

The court disagreed with defendant's premise that the magistrate had made binding credibility determinations: "[T]hat's not what happened according to my reading of the preliminary hearing transcript." "The judge said the expert was credible, but the evidence was insufficient to adopt the expert opinion regarding possession for sale. He did not make a factual finding, in my view . . . ." Nonetheless, the court concluded it was bound by the magistrate's sufficiency finding and granted the motion, stating, "[T]o do otherwise would require the court to reweigh the evidence. And I'm not inclined to do that."

DISCUSSION

Under section 739, when a defendant has been held to answer after a preliminary hearing, "it shall be the duty of the district attorney . . . to file in the superior court . . . within 15 days after the commitment, an information against the defendant which may charge the defendant with either the offense or offenses named in the order of commitment *or any offense or offenses shown by the evidence taken before the magistrate to have been committed*." (Italics added.) When the defendant challenges the district attorney's election to include charges for which defendant was not held to answer at the preliminary hearing, "[t]he character of judicial review under section 739 depends on whether the magistrate has exercised his power to render findings of fact. If he has made findings, those findings are conclusive if supported by substantial evidence. [Citations.] If he has not rendered findings, however, the reviewing court cannot assume that he has resolved factual disputes or passed upon the credibility of witnesses. A dismissal unsupported by findings therefore receives the independent scrutiny appropriate for review of questions of law. The cases arising under section 739 explain this distinction." (*People v. Slaughter* (1984) 35 Cal.3d 629, 638 (*Slaughter*).) "In summary, cases arising under section 739 recognize a clear distinction: findings of fact must be

4

sustained if supported by substantial evidence, *but a finding of lack of probable cause, unsupported by any factual findings, is reviewed as an issue of law*.  Absent controlling factual findings, if the magistrate dismisses a charge when the evidence provides a rational ground for believing that defendant is guilty of the offense, his ruling is erroneous *as a matter of law,* and will not be sustained by the reviewing court." (*Id.* at pp. 639-640, first italics added.)

Under section 995 the defendant may move to dismiss an information where "the defendant had been committed without reasonable or probable cause." (*Id*., subd. (a)(2)(B).)  "[I]n proceedings under section 995 . . . the superior court . . . sits merely as a reviewing court . . . ."  "On review by appeal or writ, moreover, the appellate court in effect disregards the ruling of the superior court and directly reviews the determination of the magistrate holding the defendant to answer." (*People v. Laiwa* (1983) 34 Cal.3d 711, 718.)

From the foregoing it is readily apparent that the court mistook the scope of its review of the magistrate's order.  As set forth above, and as the court concluded, the magistrate did not make factual findings, but simply concluded the evidence was insufficient to establish probable cause to hold defendant to answer on the possession for sale charge.  That finding is subject to independent review, and the trial court erred in concluding it was bound by the magistrate's ruling.

Defendant renews his contention on appeal that the magistrate made binding factual determinations.  Defendant quotes the magistrate, who stated, "[J]ust to make it clear, although I believe the officer is credible and his experience is sufficient to render an opinion, I still think it's appropriate for the court to look at the opinion that's been raised, compare it to all of the other cases that I've read, cases that I've heard myself, and render an appropriate decision in that regard as to the credibility of the opinion, not based upon whether or not he's trained and has experience, but based upon does this make sense to me.  And I'm not convinced that . . . it does."

5

While we readily admit the magistrate ambiguously used the word "credibility" here, in the overall context of the court's statements, some of which are quoted in the facts above, we interpret the magistrate as determining the People's expert was credible, but that the evidence was insufficient in light of the lack of other indicia of intent to sell.

Even if the magistrate had made a credibility finding, moreover, it was not supported by substantial evidence due to the magistrate's limited role in making credibility determinations. "In performing its role at the probable cause hearing, . . . the superior court may evaluate the validity of any evidence presented by an expert, as well as judge the credibility of any expert witness who testifies at the hearing. Any credibility determination to be made at the probable cause stage, however, whether in a civil or criminal proceeding, is a gross and unrefined one. The superior court should not find an absence of probable cause simply because it finds the defense witnesses slightly more persuasive than the prosecution witnesses. Rather, to reject the prosecution evidence at the probable cause stage, either the evidence presented must be inherently implausible, the witnesses must be conclusively impeached, or the demeanor of the witnesses must be so poor that no reasonable person would find them credible. Thus, if the prosecution presents evidence a reasonable person could accept over that presented by the defense, probable cause should be found. The superior court may not substitute its own personal belief as to the ultimate determination to be made at trial for that of a reasonable person evaluating the evidence." (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 257-258.)

Here, there was nothing to impeach the credibility of the People's expert under these standards. The expert's opinion was not inherently improbable, he was not significantly impeached, and the court made no findings as to his demeanor. Defendant did not put on any evidence at the preliminary hearing, and the extent of any impeachment in cross-examination was the expert's acknowledgment that a heavy user could use as much as four-tenths of a gram of heroin per day, in which case 10.33 grams

is closer to 25 days worth of heroin, rather than 50 to100 days worth.  While these are relevant considerations for a jury, they are not the sort of conclusive impeachment that would permit a magistrate to make an adverse credibility finding at a preliminary hearing.

Having concluded the magistrate's ruling was subject to independent review, we now turn to the evidence.  We have little trouble concluding that defendant's possession of 50 to100 days worth of heroin gives rise to probable cause that defendant possessed the heroin for sale.  *People v. Parra* (1999) 70 Cal.App.4th 222 (*Parra*) is instructive.

In *Parra* two defendants in a vehicle were arrested for traffic violations.  In a search of the vehicle incident to arrest, the officers found a large quantity of cocaine underneath the dashboard.  They found nothing else of significance in the vehicle.  A jury convicted defendants of possession for sale, and the Court of Appeal affirmed.  (*Parra, supra*, 70 Cal.App.4th at pp. 224-225.)  "Both [officers], experienced narcotics interdiction officers, testified that, based on the quantity of the controlled substance seized and lack of drug paraphernalia in the car, defendants possessed cocaine with the specific intent to sell.  It is well settled that '. . . experienced officers may give their opinion that the narcotics are held for purposes of sale based upon such matters as quantity, packaging and normal use of an individual; on the basis of such testimony convictions of possession for purpose of sale have been upheld.'" (*Id.* at p. 227, quoting *People v. Newman* (1971) 5 Cal.3d 48, 53.)  In other words, the *Parra* court held this evidence sufficient to sustain a conviction *beyond a reasonable doubt*.

Here, not only are the facts on point, but the standard of proof is much lower:  probable cause, i.e., a "*reasonable suspicion* that a public offense [has] been committed in which the defendant [has] participated." (*People v. Jablon* (1957) 153 Cal.App.2d 456, 458, italics added.)  *Parra*, and the authorities it relies on, compel the conclusion that the evidence here was sufficient to meet the People's burden.

7

Defendant attempts to distinguish *Parra* on the basis that one of the officers there based his opinion not just on the amount, but on the fact the cocaine was concealed, as well as the fact that neither of the vehicle occupants appeared to be under the influence. While those are valid points of distinction such that the People's case here is relatively weaker, the lower burden of proof at this stage more than compensates for that weakness in the People's case. That said, we express no opinion regarding whether the evidence presented at the preliminary hearing would be sufficient to sustain a conviction.

## DISPOSITION

The court's order dismissing count 1 of the information is reversed.


IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.

8

Filed 2/10/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>OMAR BAUTISTA,<br><br>    Defendant and Respondent. | G048566<br><br>(Super. Ct. No. 13NF1165)<br><br>ORDER GRANTING PUBLICATION; MODIFICATION OF OPINION; NO CHANGE IN JUDGMENT |

The People request that our opinion filed on January 22, 2014, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED. This opinion is ordered published in the Official Reports as modified by the following order.

It is hereby ordered that the opinion be modified as follows:

On page 2, second paragraph, following the third sentence ending with "determine its sufficiency" and before the word "Having" insert the following sentence:

"According to the district attorney, this mistake is common even among experienced trial judges, and thus we publish to reiterate and clarify the proper standard."

There is no change in the judgment.


IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.

2