Filed 5/5/25  P. v. Bowen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C098347 |
| Plaintiff and Respondent, | (Super. Ct. No. 22F3835) |
| v. | |
| DENVER EDWARD BOWEN, | |
| Defendant and Appellant. | |

Defendant Denver Edward Bowen appeals a final judgment following a jury trial convicting him of possessing and transporting controlled substances.  He argues there was insufficient evidence to convict him under Health and Safety Code sections 11352 and 11379,[1] because he contends that the element of "transport for sale" requires that a defendant be actively transporting a controlled substance for an immediate sale.  We disagree and find that there was sufficient evidence to convict him of transporting

---

[1]     Further undesignated statutory references are to the Health and Safety Code.

1

controlled substances, regardless of whether he was en route to a sales transaction when he was arrested. Thus, we affirm the judgment.

## BACKGROUND[2]

On November 14, 2020, Officer Nash Folden conducted a traffic stop after he noticed that the car's brake light was broken. Codefendant Theresa Cutler was driving the vehicle, and Bowen was in the passenger seat. After Officer Folden asked whether she had any contraband on her person, Cutler retrieved a bag of methamphetamine and two or three bags of heroin. Bowen told Officer Folden that the drugs were his and he instructed Cutler to hide the drugs after he noticed Officer Folden following their vehicle. Cutler admitted that she hid the drugs in her bra. Officer Folden took Bowen and Cutler into custody. Prior to entering the jail, Bowen told the officer that he had more heroin hidden in his waistband.

Officer Folden asked Bowen if he was selling drugs, and Bowen responded, "All of my life." The officer asked Bowen if he had text messages relating to drug sales on his phone, and Bowen said that there were and gave Officer Folden his phone password for a search. Officer Folden found messages from November 9, 2020, and November 13, 2020, of Bowen soliciting and being solicited for drug sales. The drugs discovered ultimately tested positive for over 45 grams of methamphetamine and over three grams of heroin.[3]

Officer Folden testified that the standard individual dose of methamphetamine or heroin is one-tenth of one gram—thus, Bowen possessed approximately 500 times more

---

[2] Trial proceedings were recorded and later transcribed. To the extent the transcription reported inaudible portions of the record, the parties submitted an agreed or settled statement (Cal. Rules of Court, rules 8.130(h), 8.134, 8.137). No issue is raised concerning the preparation of the record or the inaudible portions of the transcript.

[3] Although Officer Holden testified the total amount of suspected heroin weighed 8.9 grams, the drug chemistry test results indicate only 3.171 grams were tested.

than an individual dose. He opined that the drugs were for the purpose of sales rather than personal use due to their quantity, the way the heroin was packaged into separate bags, the messages relating to sales he found on Bowen's cell phone, and the fact that there was no methamphetamine-related paraphernalia found in the car that would be required to consume the drugs personally.

Bowen was charged with possession of heroin for sale (§ 11351) (count 1), transportation of heroin for sale (§ 11352, subd. (a)) (count 2), possession of methamphetamine for sale (§ 11378) (count 3), transportation of methamphetamine for sale (§ 11379, subd. (a)) (count 4), and misdemeanor possession of an opium pipe (§ 11364, subd. (a)) (count 5).[4] The prosecution also alleged several aggravating factors, including that Bowen had suffered a prior strike conviction. A jury found Bowen guilty of all offenses charged except count 5, and the court declared a mistrial on that count. Bowen waived his right to a jury trial on the alleged aggravating factors.

The court held a joint sentencing hearing and plea proceeding to resolve additional pending criminal charges in Shasta County case No. 22F3269. Bowen admitted all the factors in aggravation in this case and agreed to plead no contest to violating Vehicle Code section 10851 in case number No. 22F3269. In exchange for these admissions and plea, the parties negotiated an aggregate sentence of 13 years four months with the People's agreement to dismiss several additional pending charges. After discussing with counsel for Bowen and the People, the court accepted the plea agreement and imposed the agreed-upon sentence. The sentence included consecutive terms of 10 years for count 2 and two years for count 4, and it imposed stayed terms for counts 1 and 3. It also

---

[4] Cutler was also charged with violating the Health and Safety Code in connection to possessing methamphetamine. She pleaded guilty and was placed on informal probation.

3

included one year four months for the motor vehicle theft, totaling 13 years four months. Bowen now appeals his conviction on counts 2 and 4.

## DISCUSSION

### I

### *Sufficiency of the Evidence*

Bowen contends that there was insufficient evidence to convict him of transporting heroin and methamphetamine for sale under sections 11352, subdivision (a) (count 2) and 11379, subdivision (a) (count 4), respectively. He concedes that he possessed the drugs with the intent to sell them at some point in the future and does not dispute that he traveled in the car with the drugs he intended to sell. Yet he contends that is not enough to constitute an offense of transporting a controlled substance for sale, because the statute requires that the transport itself be for the purpose of completing a sale. The People disagree, arguing that the statute does not require that transportation be incident to an immediate sale; rather, a violation of the code requires only the movement of a controlled substance with the intent to sell it. The People further argue that under this interpretation, there was substantial evidence in the record to support convicting Bowen of both counts. We agree with the People.

### A. *Standard of Review*

The definition of "transport for sale" under sections 11352 and 11379 raises an issue of statutory construction, and we accordingly apply the de novo standard of review. (*Carrancho v. California Air Resources Board* (2003) 111 Cal.App.4th 1255, 1266 [questions of statutory interpretation are "generally subject to de novo review on appeal because [they are] . . . question[s] of law for the court"]; *Lindemann v. Hume* (2012) 204 Cal.App.4th 556, 566 ["like any other issue of statutory interpretation, [it] is a question of law subject to de novo review"].)

Whether there was sufficient evidence to convict Bowen of counts 2 and 4 raises a question of fact, for which we apply a substantial evidence standard of review. (*People v.*

*Underwood* (2024) 99 Cal.App.5th 303, 314 ["Where the trial court's decision on review is predominantly a question of fact, the appellate court reviews the record for substantial evidence"]; *In re George T.* (2004) 33 Cal.4th 620, 630 ["Claims challenging the sufficiency of the evidence to uphold a judgment are generally reviewed under the substantial evidence standard"].) "In assessing the sufficiency of the evidence, we review the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Bolin* (1998) 18 Cal.4th 297, 331.) We do not reweigh the evidence or reevaluate the credibility of witnesses but rather presume in support of the judgment the existence of every fact that could reasonably be deduced from the evidence. (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.) A judgment will be reversed only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Campbell* (2020) 51 Cal.App.5th 463, 483-484.) Under this standard, a defendant bears an "enormous burden" in demonstrating the evidence was insufficient to support a conviction. (*People v. Sanchez* (2003) 113 Cal.App.4th 325, 330.)

B. *The Statutes Do Not Require That Transport be to an Immediate Sale*

"To resolve whether [Bowen's] interpretation of the relevant statutes is correct, we are guided by familiar canons of statutory construction. '[I]n construing a statute, a court [must] ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citation.] In determining that intent, we first examine the words of the respective statutes: 'If there is no ambiguity in the language of the statute, "then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." [Citation.] "Where the statute is clear, courts will not 'interpret away clear language in favor of an ambiguity that does not exist.' [Citation.]" ' [Citation.] If, however, the terms of a statute provide no definitive answer, then courts may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history.

5

[Citation.] 'We must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' " (*People v. Coronado* (1995) 12 Cal.4th 145, 151.)

The relevant statutory language in both sections 11352 and 11379 is substantially the same. As stated in section 11379: "Every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any controlled substance . . . shall be punished with imprisonment . . . ." (§ 11379, subd. (a); see also § 11352, subd. (a).) The statutes both then define the term at issue as, "For purposes of this section, 'transports' means to transport for sale." (§§ 11379, subd. (c), 11352, subd. (c).)

Looking first to the language of the respective statutes, we find the language is unambiguous and merely requires the transportation of the controlled substance be for the general purpose of selling it. The statutory definition of transport does not include any requirement that the substance be transported in connection with an immediate sale, a waiting buyer, an active deal, or anything of the sort. "As an appellate court, we may not add language to a statute or rewrite it to conform to an asserted intent that does not appear in the plain language. [Citation.] '[O]ur task is " 'simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted . . . .' [Citation.] We cannot add . . . language . . . when the Legislature did not." ' [Citation.]" (*People v. Lashon* (2024) 98 Cal.App.5th 804, 812.) Because the statute's plain language does not include an element that the transport be to a pending or imminent sale, we will not insert such an element here.

Even if the language were ambiguous, the legislative history indicates that the Legislature did not intend to limit its definition of "transport" to include only transportation to an immediate sale. Prior to January 1, 2014, sections 11352 and 11379

6

provided that any person who "transports" specified controlled substances, including methamphetamine and heroin, shall be punished by imprisonment. (Former §§ 11352, subd. (a), 11379, subd. (a).) Courts have interpreted the word "transports" to include transporting controlled substances for personal use. (See *People v. Rogers* (1971) 5 Cal.3d 129, 134-135 & *People v. Eastman* (1993) 13 Cal.App.4th 668, 673-677, both superseded by statute as stated in *People v. Martinez* (2018) 4 Cal.5th 647, 650.) The statute provided enhanced penalties for a person who "transports for sale," as opposed to for some other purpose, but a defendant could be convicted of the offense without proof of intent to sell. (Former §§ 11352 & 11379.) In response to a series of prosecutions against defendants who transported controlled substances for personal use, the Legislature sought to clarify enhanced criminal penalties applied to drug traffickers, not addicts. (See *Martinez*, at p. 650.) To that end, the Legislature amended both section 11352 and 11379 to include the definition of "transports" as limited to transportation of drugs that are for sale, not drugs for personal use. (*People v. Eagle* (2016) 246 Cal.App.4th 275, 278 ["The amendment explicitly intended to criminalize the transportation of drugs for the purpose of sale and not the transportation of drugs for nonsales purposes such as personal use"]; see Assem. Bill No. 721 (2013-2014 Reg. Sess.); Stats. 2013, ch. 504, eff. Jan. 1, 2014.)

In light of the above, we conclude the definition of "transport for sale" refers to the intended status of the controlled substance at the time it was being transported. It does not require that a defendant be moving a controlled substance *to a* sale; instead, it requires that the controlled substance a defendant is transporting be *for sale*. (See also *People v. Lua* (2017) 10 Cal.App.5th 1004, 1015 ["As a matter of law, the specific intent requirement for the offense of . . . transportation for sale . . . requires that the defendant have acted with the intention that the controlled substance at issue be sold, either by the defendant personally or by someone else"].) We are aware of no case authority that has held otherwise or as Bowen posits, nor does Bowen provide us with any.

7

*C. There Was Substantial Evidence to Convict Bowen*

To prove Bowen violated section 11352 or 11379, the People must prove Bowen transported for sale the relevant prohibited controlled substance; that he knew of its presence and nature as a controlled substance; and that when he transported the controlled substance, he intended to sell it/or that someone else sell it. (CALCRIM No. 2300.) The trial court instructed the jury as to each of the required elements, identifying the relevant drugs as heroin and methamphetamine. There is ample evidence in the record showing that Bowen met each element for both counts 2 and 4.

First, as to the transportation itself, Bowen was traveling in a car with Cutler. He was aware of the drugs' presence, because he instructed Cutler to hide them in her bra. He knew their nature as controlled substances, because he told Officer Folden that the methamphetamine and heroin that Cutler had concealed upon her person were his and he volunteered that he had more heroin once at the jail. Bowen also personally admitted to being a long-time drug dealer. Concerning the drugs being "for sale" and Bowen having the requisite intent to sell them, Bowen possessed a large quantity of methamphetamine, far beyond the amount expected for personal usage. The heroin was also packaged into separate bags, indicating packaging for sales, and Bowen's phone showed messages with potential buyers. (*People v. Parra* (1999) 70 Cal.App.4th 222, 227 ["It is well settled that '. . . experienced officers may give their opinion that the narcotics are held for purposes of sale based upon such matters as quantity, packaging and normal use of an individual; on the basis of such testimony convictions of possession for purpose of sale have been upheld' "].) Finally, the drugs tested positive as heroin and methamphetamine, which are prohibited under the statutes. In sum, there was substantial evidence for a rational trier of fact to find Bowen guilty of these violations beyond a reasonable doubt, and thus, the prosecution properly met its burden. (*People v. Campbell*, *supra*, 51 Cal.App.5th at p. 484.)

## II

### *Abstract of Judgment*

Although not raised by either party, we note two errors in the abstract of judgment that must be corrected. First, because Bowen was sentenced on two cases in one sentencing hearing, the counts associated with each conviction must be associated with the correct case. For example, the record reveals that the conviction associated with Vehicle Code section 10851 occurred in case No. 22F3269, designated as case B. The remaining counts are associated with the instant case. Next, the conviction for Bowen's violation of Vehicle Code section 10851 was pursuant to a plea, not a court trial. This likely represents a scrivener's error in recording the judgment rendered and may be corrected by amendment. (*In re Candelario* (1970) 3 Cal.3d 702, 705.) In addition, "a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts." (*Ibid.*)

We therefore order the correction of the abstract of judgment.

### DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment consistent with the above and to deliver a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.

_____/s/_____
EARL, P. J.

We concur:

_____/s/_____
HULL, J.

_____/s/_____
KRAUSE, J.